UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WERONIKA JANCZUK,

                        Plaintiff,

            -against-

UNITED STATES OF AMERICA,

                        Defendant.

1:24-CV-3717 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Weronika Janczuk, who is appearing *pro se*, filed her complaint invoking the court's federal question jurisdiction and seeking injunctive relief. She sues the United States of America.

By order dated May 17, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges that the events that are the bases for her claims have taken place between 1991 and the present, "in all places within which the corpus has contact." (ECF 1, at 2.) She also alleges, in the statement of claim section of her complaint:

> Observations, experiences, memories, and more granted to community cannot be from the community retracted. . . . Access points for human messes and crimes affiliated with those modes of cognition and otherwise. . . . Privacy and security laws suggest the capacity to bind a life to the highest form of work of both. . . . Institutions do not guarantee the highest form of clarity and efficacy when executing tasks. [*sic*]

(ECF 1, at 2.) She further alleges the following: "[she] suggests subtle forms of psychiatric torture exist in deconstructions of human well-being when attached to systems around property that do not participate in a vision of a self-owned self-directed entirely-circuited lifestyle more akin to that of a historical Oregon Trail or otherwise. [*sic*]" (*Id.*)

Plaintiff seeks the following relief :

[0001] [t]o immediately pull all private contact information of the type ADDRESS.POSTAL.HARD.STREET. from all points of access, including print and Internet.|*OR:contingencies-added,below(X)> To advance a clear statute about whether it is legal or good to ever set a precedent for the sharing of this information-particular, and if so, if good, then to permit contracted exclusions of a clearer and more-immediate kind, with repercussions-immediate, and if not, then to speak positively to the nation-state about a philosophy that protects all needs and rights and precedents and finds way to determine ways and to impose and advance the right ones for points-of-access to that which constitutes the person in all his essence as protected constitutionally with an eye toward his and her life, freedom, and happiness. [0002] To--later, where appropriate, for archival purposes and otherwise -- return printed copies, ciphered, for example, as part of restitution to the above. [0003] To advance a newly-principled philosophy of privacy and security that guarantees the value of homes, front yards, backyards, streets, neighborhoods, parks, and more as those spaces in which private sphericity opens and evolves and unfolds and can be staked for endurance, etc. [0004] To--as part of that philosophy--lift the map of the USA in accord with its street names and more and archive it, every moment of it, since its naming, into

histories prior to those of the era-constitutional, utilizing a platform such as Google, in accord with its ingenious gift technocratic. (Repercussives will exist for companies like Google, in a primary sense.) [0004-B] To--as part of that philosophy--find a way to design an entirely virtual world version of the real one, in which all forms of the literary, archive, memory, honor, and more can be played out in a form of live-real theatre (for example, for all communities at Eastern Parkway and Utica, in Brooklyn, New York (NY), as an example, to know that they are an interesting mix of the African-American--herein, a race-- and Jewish--herein, a tradition-religious--communities and to have a virtual way to--once mutually-ciphered in--partake in the inner life of that community in accord with a contract, a longevity, a memory, an infrastructure unchanging and unbreaking and unchangeable and unbreakable on behalf of the person-particular, any, etc., once established--without painting those access points onto the map for all persons outside of a democratically-agreed-upon foundation, etc.). [0005] To-- as part of that philosophy--find a way to build actual tiers and levels of access points to communities and their spaces by designing tiered layers of access, in such a way that no person-particular ever--without the highest form of mutual- agreement--ever discovers an address-particular or residential-information- particular, etc. [0006] To--as part of that philosophy--require the ciphering of all addresses in accord with some form of algorithmic work, in such a way that houses have some several versions of something like a social security number (SSN) advanced in praxis, per tier of access cognitive, and to mandate that no address-particular, no name-particular is ever published and memorialized in the memory of an institution. [Previous legal suits provided an access point for questions about restatuting the meaning of human identity in accord with the law.] [0007] To--as part of that philosophy--establish communal meeting spaces, of the kind in WeWork, and to find a way to saturate reality with a form of attachment to the land and to a space of one's own in such a way that the law could guarantee invisibility over the duration of an entire lifestyle. [0008] To--as part of that philosophy--establish community organizers, boards, and more, for all disciplinary lives, all institutional and governing lives, and more. [0009] To--as part of that philosophy--require all persons in the USA to file paperwork to guarantee fully-infrastructural, over-the-course-of-a-lifetime-singular-and-binding access points for communication, and to provide ways to electronize those methods, so that, for example, change-of-address work is done immediately, by autobot, when a person moves across communities, and more, with all of the proportionate consequences. [Previous legal suits provided an access point for technological introductions that would help build spaces safe for persons as personal-ontological life and knowledge unfolds, one, that will also be ways to help the police, the military, academics seeking to quantify, expand, and evolve, and more observe with a great degree of wisdom, care, proportion, and security the lives of persons then interacting in communities of a new philosophical life, objectively-boxed against the system the way that it has been given.] [0010] For a national institutional review of all archives of addresses and more. [0011] For a new post-office design that would move all mail to some form of hyper-active tech-savvy Hogwarts-even-like spaces of magic. [0012] For a law that

3

standardizes entirely a crypted way of tracking mail for all persons. [0013] For a philosophy that advances the value of all things handwritten, hand[-]drawn, personalized, calligraphed, and more. [0014] For a law that dictates the tiers of discourse, interaction, and otherwise--laundry infrastructure--to a micro-chip in all buildings, to be reviewed and more. [0015] For a law that dictates and enables algorithmed onboarding into communities. [0016] For a law that dictates and enables typed onboarding into communities. [0017] For a law that dic[t]ates and enables routed onboarding into communities. [0018] For a law that dictates and enables fina[n]cially-potted life in communities, for gentle but systemic lawsuits, i.e., for all issues hounding laundry spaces wherein persons leave behind messes and memories with which others must cope. [0019] For incipient clarity about invisible and routed lives at the level of transport. [0020] And more. The PLAINTIFF reserves the right to a[m]end. [*sic*]

(*Id.* at 2-4.)

## DISCUSSION

### A.    Sovereign immunity

The Court must dismiss Plaintiff's claims against the United States of America under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

Plaintiff alleges no facts or legal provisions that suggest that the doctrine of sovereign immunity has been waived with respect to her claims against the United States of America. The Court therefore dismisses Plaintiff's claims against the United States of America under the doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### B.    Standing

Plaintiff has also failed to allege facts sufficient to show that she has standing to assert her claims. Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts "to the resolution of cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d

4

Cir. 2012) (citation and internal quotation marks omitted). "Standing to sue or defend is an aspect of the case-or-controversy requirement." *Arizonians for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997). To demonstrate standing, a plaintiff must show that: (1) she has personally suffered some actual or threatened injury as a result of the defendant's alleged illegal conduct; (2) the injury is fairly traceable to the defendant's conduct; and (3) the injury is likely to be redressed by the requested relief. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982). The burden of establishing standing to sue rests with the party bringing the action. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Moreover, "a generalized grievance, no matter how sincere, is insufficient to confer standing. A litigant raising only a generally available grievance . . . and seeking relief that no more directly and tangibly benefits [her] than it does the public at large . . . does not state an Article III case or controversy." *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (internal quotation marks and citation omitted). "'If [a] plaintiff[] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [her] claim.'" *Mahon*, 683 F.3d at 62 (internal quotation marks and citation omitted); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("Subject-matter jurisdiction . . . is an Art. III as well as a statutory requirement. . . .").

To the extent that the Court can understand Plaintiff's complaint, Plaintiff's claims appear to mostly, if not, completely arise from Plaintiff's generalized grievances as to the manner in which information is distributed throughout the United States of America, including location data; such generalized grievances do not establish standing. *See Hollingsworth*, 570 U.S. at 706. Accordingly, the Court also dismisses Plaintiff's claims for lack of standing and,

consequently, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Mahon*, 683 F.3d at 62.

**C.    Plaintiff's action is frivolous**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous. *See* 28 U.S.C. §1915(e)(2)(B)(i). An action is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("An action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

Plaintiff, without any legal basis to do so, asks this Court to order the Federal Government to change how information, including location data, is distributed throughout the United States of America. Since there is no legal basis for these claims for relief, the Court further dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**D.    Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction and as frivolous.

*See* 28 U.S.C. § 1915(e)(2)(B)(i); Fed. R. Civ. P. 12(h)(3).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would

not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the

reasons set forth in this order.

SO ORDERED.

Dated:   August 21, 2024
       New York, New York

                         /s/ Laura Taylor Swain
                         LAURA TAYLOR SWAIN
                   Chief United States District Judge